**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHARON LYNETTE PAIGE JAMES,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No.: 1:18-cv-1238 - JLT<br><br>ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br>(Doc. 15)<br><br>ORDER REMANDING THE ACTION PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) AND DIRECTING ENTRY OF JUDGMENT IN FAVOR OF PLAINTIFF SHARON LYNETTE PAIGE JAMES AND AGAINST DEFENDANT, THE COMMISSIONER OF SOCIAL SECURITY |

Sharon Lynette Paige James asserts she is entitled to a period of disability and disability insurance benefits under Title II of the Social Security Act. Plaintiff argues the administrative law judge erred in terminating the analysis at step one of the sequential evaluation. Because the ALJ erred at step one and failed to determine whether Plaintiff's medically determinable impairments could be expected to last twelve months, the matter is **REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

**I.    Procedural History**

In January 2015, Plaintiff filed an application a period of disability and disability insurance benefits, alleging disability due to anxiety disorder, Bipolar disorder, post-traumatic stress disorder, left shoulder rotator cup pain, and Fuchs' corneal dystrophy. (Doc. 9-4 at 80; Doc. 9-6 at 17) The Social Security Administration denied her application at the initial level and upon reconsideration. (*See* Doc.

9-4 at 79-98; Doc. 9-3 at 12) Plaintiff requested a hearing and testified before an ALJ on April 25, 2017. (*See* Doc. 9-3 at 12, 26) The ALJ determined Plaintiff was not disabled because there was "no continuous 12-month period during which the claimant [had] not engaged in substantial gainful activity" and issued an order denying benefits on November 13, 2017. (*Id.* at 16)

Plaintiff requested review by the Appeals Council, asserting that the ALJ erred in his decision, and stating she "not been able to work in well over 12 months." (Doc. 9-5 at 69) On August 2, 2018, the Appeals Council "denied Plaintiff's request for review, finding "no reason under [the] rules to review the Administrative Law Judge's decision." (Doc. 9-3 at 2-4) Thus, the ALJ's determination became the final decision of the Commissioner of Social Security.

## II. Standard of Review

District courts have a limited scope of judicial review for disability claims after a decision by the Commissioner to deny benefits under the Social Security Act. When reviewing findings of fact, such as whether a claimant was disabled, the Court must determine whether the Commissioner's decision is supported by substantial evidence or is based on legal error. 42 U.S.C. § 405(g). The ALJ's determination that the claimant is not disabled must be upheld by the Court if the proper legal standards were applied and the findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health & Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197 (1938)). The record as a whole must be considered, because "[t]he court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion." *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).

## III. Disability Benefits

To qualify for benefits under the Social Security Act, Plaintiff must establish she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(A). An individual shall be considered to have a disability only if:

> his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and

work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B). The burden of proof is on a claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990). If a claimant establishes a prima facie case of disability, the burden shifts to the Commissioner to prove the claimant is able to engage in other substantial gainful employment. *Maounis v. Heckler*, 738 F.2d 1032, 1034 (9th Cir. 1984).

## IV. Administrative Determinations

To achieve uniform decisions, the Commissioner established a sequential five-step process for evaluating a claimant's alleged disability. 20 C.F.R. §§ 404.1520, 416.920(a)-(f). The process requires the ALJ to determine whether Plaintiff (1) engaged in substantial gainful activity during the period of alleged disability, (2) had medically determinable severe impairments (3) that met or equaled one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1; and whether Plaintiff (4) had the residual functional capacity to perform to past relevant work or (5) the ability to perform other work existing in significant numbers at the state and national level. *Id.* If the Commissioner concludes that the claimant is not disabled at one of the steps, the Commissioner may terminate the analysis and not proceed to the following step. *Id.* §§ 404.1520(a)(4), 416.920(a)(4).

## V. Discussion and Analysis

Appealing the decision of the ALJ, Plaintiff asserts that the ALJ erred in terminating the sequential disability evaluation at step one. (Doc. 13 at 2) The Commissioner contends, "The ALJ properly found that Plaintiff was not disabled at step one because there was no continuous 12-month period where Plaintiff did not perform [substantial gainful activity]." (Doc. 15 at 3)

### A. Step One of the Sequential Evaluation

The regulations inform claimants: "At the first step, we will consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). "Substantial gainful activity" is defined as "work activity that is both substantial and gainful," including "work activity that involves doing significant physical or mental activities" and "work activity that [a claimant does] for pay or profit." *Id*. §§ 404.1572(a)-(b),

3

416.972(a)-(b). "[T]here is a presumption of substantial gainful employment if the applicant earns over [an] amount specified in the guidelines." *Keyes v. Sullivan*, 894 F.2d 1053, 1056 (9th Cir. 1990); *see also* 20 C.F.R. § 404.1574(a)(1) ("Your earnings may show you have done substantial gainful activity. Generally, in evaluating your work activity for substantial gainful activity purposes, our primary consideration will be the earnings you derive from the work activity.").

The claimant has the burden to "establish at step one, that [she] is not engaged in 'substantial gainful activity.'" *Zeytuntsyan v. Sullivan*, 1992 U.S. App. LEXIS 18421 at *14 (9th Cir. July 27, 1992) (citing *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987)). If a claimant fails to carry this burden and is engaged in substantial gainful activity, "disability benefits are denied." *Yuckert,* 482 U.S. at 140. If the claimant is not engaged in substantial gainful activity, "the decisionmaker proceeds to step two." *Id.* Thus, courts have repeatedly interpreted the regulations to indicate an ALJ must consider whether a claimant is *presently* engaged in substantial gainful activity at step one. *See, e.g. Yuckert,* 482 U.S. at 140; *Stout v. Comm'r, Social Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006) (at step one, the ALJ must consider: "Is the claimant presently engaged in substantial gainful activity?"); *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("[i]n step one, the ALJ determines whether a claimant is currently engaged in substantial gainful activity"); *Celaya v. Halter*, 332 F.3d 1177 (9th Cir. 2003) ("[s]tep one disqualifies claimants who are engaged in substantial gainful activity from being considered disabled").

B.      The ALJ's Analysis

As an initial matter, the ALJ determined Plaintiff "meets the insured status requirements of the Social Security Act through December 31, 2020." (Doc. 9-3 at 14) Next, the ALJ proceeded to step one of the sequential evaluation. Notably, the ALJ acknowledged that at step one, he "must determine whether the claimant *is engaging* in substantial gainful activity" and "[i]f the individual is not engaging in [substantial gainful activity], the analysis proceeds to the step two." (*Id.* at 13, emphasis added) The ALJ found Plaintiff "engaged in substantial gainful activity from her alleged onset date, January 5, 2015, through November 14, 2016." (*Id.* at 14) In issuing the decision on November 13, 2017, the ALJ found there "has been no continuous 12-month period during which the claimant has not engaged in substantial gainful activity." (*Id.* at 16) Thus, the ALJ terminated his analysis and concluded Plaintiff "has not been under a disability, as defined in the Social Security Act, from

4

January 5, 2015, through the date of [the] decision." (*Id.*)

Plaintiff argues the ALJ erred with his step one analysis because "the answer to this step one inquiry, whether Plaintiff was presently engaging in substantial gainful activity at the time of the hearing and decision, is quite clearly no, she was not." (Doc. 13 at 4) Plaintiff notes that the ALJ acknowledge she "stopped work on November 14, 2016, and she did not return to work after that date," and "[s]he was not working on November 13, 2017, the date of the Judge's decision." (*Id.*) Because the ALJ did not continue to step two or address whether she had "an impairment or combination [of impairments] that … is expected to last for a continuous period of at least 12 months," Plaintiff contends the disability determination was flawed. (*Id.*, emphasis omitted)

The Commissioner argues termination at step one was proper because "there was no continuous 12-month period where Plaintiff did not perform [substantial gainful activity]." (Doc. 15 at 3, emphasis omitted). According to the Commissioner,

> As the adjudicator, the ALJ was required to determine if Plaintiff performed SGA at any point during the relevant time period – from her alleged onset date through the date of the decision. The ALJ appropriately considered that Plaintiff engaged in SGA beginning with her alleged onset date, January 5, 2015, and continuing through November 14, 2016 because a claimant is not entitled to receive disability benefits during a time period that she performs SGA.
> The ALJ then properly considered whether there was a continuous 12-month period during the relevant time frame that Plaintiff had not engaged in SGA. The definition of disability is the "inability to engage in any substantial gainful activity ... which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Because there was no continuous 12-month period that Plaintiff had not engaged in SGA, the ALJ correctly found that Plaintiff was not disabled at step one.

(Doc. 15 at 4) The Commissioner asserts this "step one decision is consistent with the decisions of courts within this circuit." (*Id.*, citing *e.g., Beylin v. Astrue,* 2010 WL 749868, at *1 (C.D. Cal. Feb. 26, 2010); *Morgan v. Berryhill,* 2019 WL 527442, at *4 (S.D. Cal. Feb. 11, 2019)). In addition, the Commissioner argues the decision was "consistent with the decisions of other circuits." (*Id.*, citing *Nettles v. Sullivan*, 956 F.2d 820 (8th Cir.1992); *Barina v. Shalala*, 35 F.3d 555 (4th Cir. 1994) (unpub.) *Kenney v. Barnhart*, 125 F. App'x 83, 84 (8th Cir. 2005) (unpub.)).

In *Beylin*, Central District noted Beylin appeared to challenge the ALJ's "finding that there is no evidence that Plaintiff was unable to engage in substantial gainful activity for a continuous twelve month period prior to June 30, 2005, the date that he was last insured for Title II purposes." *Id.*, 2010

WL 749868 at *1. The court observed that Beylin did "not actually dispute this finding directly." *Id.* However, Beylin reported "he had surgery in March 2005," and appeared to argue the ALJ "should consider the period from March 2005 to March 2006" as a twelve-month period he was unable to engage in substantial gainful activity. *Id.* The court rejected this argument, finding Beylin "point[ed] to no evidence of a continuous inability to engage in substantial gainful activity for a continuous twelve-month period before the date last insured or, for that matter, beginning in March 2005 and extending past the date last insured." *Id.*

In *Morgan v. Berryhill,* the Southern District also determined the claimant did not meet the 12-month duration requirement to receive his benefits. *Id.*, 2019 WL 527442, at *4. The court observed that Morgan had been granted benefits and "began receiving disability insurance benefits on January 26, 2018," which he "collected on and off until late 2015." *Id.* at *1. His benefits were terminated retroactively when the Social Security Administration received information that Morgan "had earned income starting in January 2008 and, thus, had returned to substantial gainful activity within one year of his alleged disability onset date." *Id.* His case was reopened, and the Commissioner found Morgan "was not qualified for any disability insurance benefits because he had not had a continual period of 12 months during which he did not perform substantial gainful employment." *Id.* The ALJ reviewed IRS records and determined that the claimant had engaged in substantial gainful activity, rejecting the claimant's testimony disputing the earnings reported on the IRS documents. *Id.* at *7. The court found the ALJ erred in the credibility analysis, which resulted in "error at the first step of the ALJ's inquiry" into whether the claimant performed substantial gainful activity, it and remanded the action for further proceedings. *Id.* at *7-8.

Plaintiff contends the Commissioner errs in relying upon *Beylin* and *Morgan* "because these cases quite clearly deal with individuals who had not, and were not expected to be, unable to work for a continuous 12-month period." (Doc. 16 at 2) Plaintiff argues the circumstances of *Beylin* and *Morgan* "are not remotely analogous to the case at hand." (*Id.* at 3)

As Plaintiff argues, the facts before the courts in *Beylin* and *Morgan* are not comparable to the matter now pending before the Court. In *Beylin*, the claimant identified "no evidence of a continuous inability to engage in substantial gainful activity for a continuous twelve-month period before the date

6

last insured or, … extending past the date last insured." *Id.*, 2010 WL 749868 at *1. In contrast, here, Plaintiff stopped working on November 14, 2016 and remained unemployed nearly a year later when the ALJ issued his decision, well before Plaintiff's date last insured of December 31, 2020. (*See* Doc. 9-3 at 14) The facts here are not analogous to *Morgan*, where there was a disputed issue regarding whether the claimant engaged in substantial gainful activity within a twelve-month period resulting in an overpayment of benefits.

Finally, the cases cited by the Commissioner from other circuits addressed by the other circuits addressed different issues, including whether the claimants made unsuccessful work attempts that should not be considered substantial gainful activity, or whether a claimant currently working at the time of the administrative hearing was engaged in substantial gainful activity. *See Nettles,* 956 F.2d at 822- 824 (considering whether the claimant made an unsuccessful work attempt and finding the claimant failed to show she was "unable to engage in substantial gainful activity for a period longer than twelve months); *Barina*, 35 F.3d 555 (unpub.), 1994 U.S. App. LEXIS at *6-8 (4th Cir. Sept. 6, 1994) (rejecting the claimant's argument that she was engaged in an unsuccessful work attempt and upholding the ALJ's decision that the claimant was not disabled where the she was "working as a management employee" and engaged in substantial gainful activity at the time of the hearing); *Kenney*, 125 F. App'x at 84 (finding substantial evidence that the claimant "has not ceased to engage in substantial gainful activity for any continuous 12-month period"). Further, these courts did not address a situation in which the claimant asserted her impairments were expected to last for a continuous period of more than twelve months. Given the different issues argued by the claimants and the lack of factual similarities, the holdings in *Nettles, Barina*, and *Kenney* do not assist this Court with the determination of whether the ALJ's decision was proper.

Significantly, courts have consistently indicated a claimant satisfies her burden at step one where she is not presently engaged in substantial gainful activity. *See, e.g., Yuckert,* 482 U.S. at 140; *Benton v. Barnhart*, 331 F.3d 1030, 1034 (9th Cir. 2003) ("if a claimant cannot meet the burden of showing she is currently not working, at step one, the process ends"); *Grogan v. Barnhart*, 399 F.3d 1257, 1260 (10th Cir. 2005) ("At step one, the claimant must show that he is not presently engaged in substantial gainful activity"); *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 2006) (finding it was

"clear from the record that McDaniel met step one by proving that she is presently unemployed"); *Kushner v. Comm'r Soc. Sec.,* 765 Fed. Appx. 825, 827 (3rd Cir. 2019) (claimant's burden at step one is to show "he is not currently engaged in substantial gainful activity"). Because Plaintiff had stopped working and was no longer engaged in substantial gainful activity at the time of the hearing—as the ALJ acknowledged—she met her burden at step one. Thus, the ALJ should have continued the analysis to step two and erred in terminating the sequential analysis prematurely. *See Yuckert,* 482 U.S. at 140 (stating that where the claimant is not engaged in substantial gainful activity, "the decisionmaker proceeds to step two").

Moreover, the ALJ did not make any finding as to whether Plaintiff satisfy the requirement to identify "a medically determinable physical or mental impairment . . . which has lasted *or can be expected to last for a continuous period of not less than 12 months*." *See* 42 U.S.C. § 423(d)(1)(A) (emphasis added). Instead, the ALJ focused upon the fact that Plaintiff engaged in substantial gainful activity through November 14, 2016 and found there "has been no continuous 12-month period during which the claimant has not engaged in substantial gainful activity." (Doc. 9-3 at 16) However, it is error for an ALJ "to focus … on the length of time [a claimant] was unemployed, rather than on whether his ailments had lasted or could be expected to last for a continuous twelve months." *See Gyurko v. Harris*, 487 F. Supp. 1121, 1127 (D. Conn. 1980). Because the ALJ did not address whether Plaintiff's impairments could "be expected to last" only one more day, and thus satisfy the 12-month requirement, the ALJ erred.

### C. Remand is Appropriate

The decision whether to remand a matter pursuant to sentence four of 42 U.S.C. § 405(g) or to order immediate payment of benefits is within the discretion of the district court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Except in rare instances, when a court reverses an administrative agency determination, the proper course is to remand to the agency for additional investigation or explanation. *Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004) (citing *INS v. Ventura*, 537 U.S. 12, 16 (2002)). Generally, an award of benefits is directed when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). In addition, an award of benefits is directed where no useful purpose would be served by further administrative proceedings, or where the record is fully developed. *Varney v. Sec'y of Health & Human Serv.*, 859 F.2d 1396, 1399 (9th Cir. 1988).

The ALJ erred terminating the analysis at step one because Plaintiff had not engaged in substantial gainful activity for nearly a year, and there was no finding that her impairments could not be expected to last the remainder of the year, or one more day. Given the step at which the ALJ stopped the analysis, there is no information regarding the severity of Plaintiff's medically determinable impairments, or the physical and mental limitations related thereto. Thus, the matter should be remanded for the ALJ to re-evaluate the evidence, and make a finding regarding whether Plaintiff's impairments could be expected to last a continuous twelve-month period prior to her date last insured. *See Gyurko*, 487 F. Supp. at 1127, 1130 (remanding the action, in part, for further proceedings where the ALJ failed to determine whether the claimant's impairments "had lasted or could be expected to last for a continuous period of twelve months").

## CONCLUSION AND ORDER

For the reasons set forth above, the ALJ erred in his analysis and remand is appropriate. *See Sanchez*, 812 F.2d at 510. Accordingly, the Court **ORDERS**:

1. The Commissioner's motion for summary judgment (Doc. 15) is **DENIED**;
2. The matter is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this decision; and
3. The Clerk of Court is **DIRECTED** to enter judgment in favor of Plaintiff Sharon Lynette Paige James, and against Defendant, Andrew Saul, the Commissioner of Social Security.

IT IS SO ORDERED.

Dated: __October 18, 2019__    /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE